UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:    ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

_____

SYED JAVED,

                        *Plaintiff-Appellant*,

                v.                                                    17-3461-cv

MEDGAR EVERS COLLEGE OF THE CITY
UNIVERSITY OF NEW YORK, CLAUDIA
COLBERT, AS FORMER CHIEF INFORMATION
OFFICER, EDI RUIZ, AS CURRENT CHIEF
INFORMATION OFFICER, JAMES HAGGARD,
TANYA ISAACS,

                        *Defendants-Appellees*.[1]
_____

Appearing for Appellant:       Barry R. Feerst, Brooklyn, N.Y.

---

[1] The Clerk of Court is respectfully instructed to amend the caption as above.

Appearing for Appellee:   Linda Fang, Assistant Solicitor General (Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Acting Attorney General for the State of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Syed Javed appeals from the September 29, 2017 judgment of the United States District Court for the Eastern District of New York (Block, *J.*), dismissing his complaint against Appellees Medgar Evers College of the City University of New York ("CUNY"), Claudia Colbert, James Haggard, Edi Ruiz, and Tanya Isaacs for failure to state a claim on any of the grounds he alleged. Javed appeals only the dismissal of his claim of employment discrimination against Medgar Evers College under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's dismissal for failure to state a claim de novo. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Id.*

The district court found that any of Javed's Title VII claims based on events that occurred prior to March 25, 2014 is time barred. *Javed v. Medgar Evers College of the City University of New York*, No. 15-cv-7424, 2017 WL 4357138, at *7 (E.D.N.Y. Sept. 29, 2017) (citing 42 U.S.C. § 2000e-5). Javed does not dispute this finding on appeal. As the district court pointed out, the time bar "includes all conduct by Defendant Colbert, who left the office in 2013." *Id.* It also includes the initial filing of disciplinary charges, which occurred on May 21, 2014. That leaves the alleged failure to comply with CUNY disciplinary procedures, the failure to renew Javed's visa, Javed's demotion, and Javed's ultimate firing as adverse actions.

Javed failed to identify any actions taken after March 25, 2014 that indicate even a whiff of discriminatory animus. Nor, despite his attempts, has he plausibly alleged "more favorable treatment of employees not in [his] protected group." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted). Javed's second amended complaint does not sufficiently identify any other Medgar Evers employees as comparators or contain any facts suggesting that those employees were provided more favorable treatment though "similarly situated in all material respects," *Brown v. Daikin America, Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (internal quotation marks omitted).

Contrary to the district court's suggestion, Javed does not need to allege "facts tending to show that Medgar Evers'[s] concern about the IT failure [for which Javed was disciplined, demoted, and fired] was pretextual" to survive a motion to dismiss. *Javed*, 2017 WL 4357138, at *8. Indeed, he does not even need to establish a prima facie case to do so. *See Vega v. Hempstead Union Free School District*, 801 F.3d 72, 84 (2d Cir. 2015). But his complaint does

need to put forward "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 85 (quotation marks omitted). Javed failed to meet even this "minimal burden." *Id.*

We have considered the remainder of Javed's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3